## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| **Maritza Meszaros Reyes,** | Civil Action No. 3:12-cv-00298-JFA |
| **Petitioner,** | |
| vs. | **ORDER** |
| **Harry Lee Langford Jeffcoat,** | |
| **Respondent.** | |

This matter comes before the Court upon consent of the parties.

**IT IS THEREFORE ORDERED:**

1. In the Temporary Order filed February 15, 2012 (hereinafter the "Temporary Order"), the Court made provisions for the "subject children" and the "children", including that "Petitioner and Respondent shall deposit the children's passports and their other travel documents with this Court."

2. By letter of Respondent's counsel to the Court dated February 17, 2012, which letter was copied to Petitioner's counsel, Respondent deposited the United States passports of all three of the parties' children, and the Venezuelan passports of the two older children, with the Court.

3. At the March 29, 2012 hearing in the Family Court proceeding between these parties, Petitioner and Respondent agreed to allow the parties' oldest son [pursuant to procedural rules, he is identified by his initials ("J.J.J."), his year of birth (1994) and the last four digits of his United States passport number (0204)], if he so requests, to travel with either parent in and outside of the State of South Carolina and in and outside of the United States, including to Venezuela. The parties' agreement identified in the preceding sentence reserved and did not

waive any position asserted in any litigation, and without prejudice to either party in any proceeding (including this action). The oldest son is not subject to the petition as he is 17 years of age.

4.  Accordingly, the Temporary Order is deemed not to apply to the parties' oldest son, who, because of his age is not and has never been subject to the petition. The oldest son's passports and other related travel documents previously deposited with this Court shall be returned to him forthwith. The passports and any other travel documents of the two younger children which are currently on deposit with the Court shall remain so pending further Order of the Court.

5.  The agreement of the parties reached in the Family Court proceeding to allow the oldest son to travel inside or outside the United States with either parent or unaccompanied shall not be evidence of any fact or legal position in this civil action or any other civil action, nor used by either party in any manner or in support of any claim, argument, or position in this civil action or any other civil action. Both parties are strictly prohibited from gaining any advantage of any nature arising from their agreement relating to the oldest son's ability to travel inside or outside the United States.

6.  The parties' two children who are the subject of the petition may visit the Charlotte, North Carolina metropolitan area/surrounds without being in violation of the Temporary Order.

7.  This Consent Order modifies the Temporary Order filed February 15, 2012 only as explicitly identified above.

IT IS SO ORDERED.

April 11, 2012                                     Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge