IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Maritza Meszaros Reyes, | ) | C/A No.: 3:12-cv-298-JFA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER ON MOTION FOR |
| | ) | RECONSIDERATION |
| Harry Lee Langford Jeffcoat, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the court on petitioner's motion requesting the court to reconsider its Findings of Fact and Conclusions of Law. The court has reviewed the parties' briefs and has considered the arguments made before this court at an August 31, 2012 hearing, and, for the reasons that follow, the motion is denied.

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice ¶ 59.30[4] (3d ed.). "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (internal quotation omitted). "Mere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (internal citation omitted). The Fourth Circuit has held a motion to reconsider should be granted for only

1

three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).  Plaintiff does not seek reconsideration on the basis of an intervening change in controlling law or on account of new evidence; rather, she requests reconsideration based on a new legal theory and allegations that this court made clear errors of both law and fact in its Factual Findings and Conclusions of Law.

Plaintiff first urges this court to adopt the theory of consecutive, alternating habitual residences.  The court is constrained to deny plaintiff's request for multiple reasons.  First and foremost, the theory of consecutive, alternating habitual residences was not pled, advanced, or argued until the instant motion, though the court suggested on more than one occasion as the trial progressed that the evidence favoring one country or the other might, in the final analysis, be equally balanced.  This court heard over 24 hours of testimony and argument throughout trial, and not once did plaintiff mention the theory of consecutive, alternating residences.  Moreover, Rule 59 motions are not the time to raise new theories of law that could have been raised prior to entry of judgment.  *See Exxon Shipping Co. v. Baker*, 554 U.S. at 486 n.5.  Additionally, the court does not believe that the theory of consecutive, alternating residences applies in this case, and even if it did apply, it would not change the outcome based on the law that plaintiff presented to this court.

Plaintiff argues that this court made a number of errors of law in its Findings of Fact and Conclusions of Law, including the following: failure to evaluate whether there

2

was a shared settled intention to abandon Venezuela prior to 2006, failure to evaluate whether the children had acclimatized to the United States by September 2011, failure to consider the last place the family lived together as a unit, and assignment of improper weight to matters pertaining to travel, immigration, and residency status in one country or the other. The court denies that it either failed to consider or improperly considered any of the issues raised by the plaintiff. However, the court takes this opportunity to expound on its findings that the children were habitually resident in the United States from 2006 to 2008 and that the United States was still the habitual residence of the children when petitioner alleges that respondent wrongfully retained the children.

As stated in this court's Findings of Fact and Conclusions of Law, under the two-part framework that federal courts have developed to assist in habitual residence analysis, courts evaluate the following:

(1) <u>shared parental intent</u> – whether the parents shared a settled intention to abandon the former country of residence; and

(2) <u>acclimatization</u> – whether there was an actual change in geography coupled with the passage of an appreciable period of time, one sufficient for acclimatization by the children to the new environment.

*Maxwell v. Maxwell*, 588 F.3d 245, 251 (4th Cir. 2009). In this case, the court found few of the factors that courts usually consider in evaluating shared parental intent and acclimatization helpful in determining habitual residence. During trial, the parties mostly focused on the period from September 2008 to September 2011, and in the court's view the parties were not on the same page regarding the residence of their children during that

period. Thus, there was no shared parental intent in September 2008 to abandon the former habitual residence. As to acclimatization, the court finds the children were not acclimatized to either country such that removing them would take them out of the family and social environment in which their lives had developed. Simply put, because the children had been moved back and forth between the United States and Venezuela all of their lives they were comfortable in either environment. Furthermore, the children were busy with school and extracurricular activities regardless of what country they were in.

Prior to September 2008, all of the children attended school and participated in extracurricular activities in Lexington, South Carolina. (Tr. at 806). Respondent was also living in Lexington, South Carolina, but petitioner was living in Venezuela and commuting to the United States as frequently as she could. (Tr. 550 & 807). Based on the actions of the parties during that time, the court believes that they had a shared intention for the children to reside in the United States. As such, the court found in its Findings of Fact and Conclusions of Law that the children were habitually resident in the United States from 2006 to September 2008 and that petitioner was unsuccessful in showing that their habitual residence changed to Venezuela in September 2008.

Though plaintiff claims that this court made errors of fact in its Findings of Fact and Conclusions of Law, plaintiff merely states facts that favor her position and argues that this court came to the wrong conclusion as to habitual residence and acclimatization. The court disagrees that it made any factual errors.

Finally, petitioner takes issue with the court's consideration of the children's "wish" to stay in the United States and the court's failure to make a finding on any

imposition and influence by the respondent on the children's preference. By not issuing any findings on the alleged imposition and influence of the respondent on the children's preference, the court meant to imply that it found no such imposition and influence. As to the legal significance of the children's "wish" to stay in the United States, petitioner presumes that the court gave weight to the children's preference, but the court gave little, if any, weight to that fact in coming to its conclusion that petitioner had not met her burden of showing wrongful retention.

For the foregoing reasons, plaintiff's motion for reconsideration is denied.

IT IS SO ORDERED.

September 18, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

5